

**SIGNED this 08th day of September, 2008.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOEL BRYAN LANEHART | § | CASE NO. 08-10400-CAG |
| and CINDY EVETTE LANEHART, | § | |
| | § | Chapter 13 |
| Debtors. | § | |

**ORDER CONDITIONALLY GRANTING
CHAPTER 13 TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE**

On July 8, 2008, came on for hearing the Chapter 13 Trustee's Motion to Dismiss Chapter 13 Case (the "Motion to Dismiss"). The Debtors and the Trustee each appeared through counsel, and the facts were essentially uncontested. The Court heard and took the matter under advisement at the conclusion of the hearing. After considering the arguments made and the undisputed evidence as presented, and the file and record in the case, the Court now finds and concludes for the reasons stated below that the Motion should be conditionally granted as provided below.

The Debtors filed this Chapter 13 case on March 3, 2008, and filed with the petition their Chapter 13 plan and Schedules. They attended their creditors meeting that was set and concluded

on April 16, 2008. Confirmation of their plan was set for hearing on May 27, 2008, and they timely filed their Declaration Concerning Confirmation Requirements on April 20, 2008.

The Trustee's practice in this Division is to send in advance of the confirmation hearing a "Trustee's Notice Concerning Confirmation" to each debtor's attorney, advising of issues the Trustee considers outstanding and that preclude her from recommending confirmation. If those issues are not resolved by a date certain, the Notice provides that the Trustee will hold a conference with counsel and the debtor(s) on the Thursday before the scheduled confirmation hearing on the following Tuesday, to discuss and resolve, if possible, the issues.

In this case, the Trustee sent that Notice, which Debtors' counsel admits receiving. The Notice indicated four issues outstanding:

> Issues 1 & 2.  The infeasibility and underfunding of the plan (i.e., its failure to pay all secured and priority claims in full).
>
> Issue 3.  The pendency of an objection to confirmation by the Debtors' mortgagee.[1]
>
> Issue 4.  The alleged inconsistency between the treatment in the Debtors' proposed plan of their car loan by surrender of the vehicle in full satisfaction of the claimant's secured claim, and the claimant's filing of a proof of claim asserting a deficiency claim.

The Notice stated that the conference would be held at the Trustee's office on May 22, 2008, at 2:30 p.m. to discuss and attempt to resolve these confirmation issues.

---

[1] Counsel for the Trustee at the hearing on the Motion to Dismiss also indicated the Trustee had information, obtained from the mortgagee's lift stay motion, that the Debtors were in arrears on their post-petition mortgage payments. It is not clear from the record, however, that this "confirmation issue," if it is one, was ever raised prior to the hearing on the Motion to Dismiss. Also at that hearing, Debtors' counsel represented that they desired to "short-sell" their house, providing for payment of the secured portion of the mortgage, thus curing the post-petition arrearage problem; but, again, there was no indication that this information was conveyed to the Trustee at any time before the hearing on the Motion to Dismiss.

2

The Debtors did not appear at the conference, but their counsel did. The Trustee contends that she was not informed that the Debtors would not appear until the time of the conference. The Trustee agrees that prior to the conference Debtors' counsel did provide information as to the status of the pending matters and the Debtors' position on those matters (on which their counsel elaborated further at the hearing), to wit:

Issues 1 & 2.  The infeasibility and underfunding of the plan were due to the proof of claim filed by Williamson County for secured property taxes. Debtors' counsel researched the problem, found that the amount in question was for current year, not yet due ad valorem taxes, and contacted counsel for the claimant who agreed to withdraw the claim.

Issue 3.  The mortgagee's objection to confirmation, that the amount of its claim listed in the plan was less than the amount of its proof of claim, was a "bogus" objection in that it was undisputed that the Trustee was required under well-established law to pay the claim as filed, not as scheduled or listed in the plan if there was a conflict between those. The Debtors did not want to "resolve" the mortgagee's objection, but rather wanted the Court to deny it at confirmation in order to obtain a ruling that it was a frivolous objection and the mortgagee was therefore not entitled to additional attorneys fees incurred in connection with its filing.

Issue 4.  The filing of the proof of claim for the car loan deficiency was not an issue that should preclude confirmation nor indeed concern the Trustee, as the claim at worst only reduced the dividend to the other unsecured claimants.

The Trustee filed her Motion to Dismiss on May 23, 2008, alleging that the Debtors, by failing to appear at the conference and to provide her with information that resolved the outstanding confirmation issues, had failed to cooperate with her as required under 11 U.S.C. § 521(3) and Federal Rule of Bankruptcy Procedure 4002(4). She contends that such conduct has caused unreasonable delay that is prejudicial to creditors, which is cause for dismissal under 11 U.S.C. § 1307(c)(1). No other grounds for dismissal were alleged by the Trustee in her Motion to Dismiss.

Confirmation of the Debtors' plan was denied at the hearing on May 27, 2008, because the Debtors had decided after the scheduled conference with the Trustee to pursue the sale of their

3

home, an event that would materially change the terms of their plan. Although the Court denied confirmation without prejudice, to date the Debtors have not filed any amended plan.[2]

On July 1, 2008, the Debtors filed their Response to the Motion to Dismiss, addressing each of the confirmation issues raised in the Trustee's Notice with the Debtors' arguments outlined above. The Debtors further argued in the Response that their counsel received no reply from the Trustee after having informed her office of their position with respect to each of the issues set forth in the Notice. They also claimed that their counsel emailed the Trustee the day before the conference and informed her that he believed their presence at the conference was not necessary in light of the nature and status of the issues raised by the Trustee. According to the Response, when counsel for the Debtors appeared at the conference, prepared to discuss the pending issues, he was informed there would be no such conference in the Debtors' absence and that the Trustee would be filing a Motion to Dismiss.[3]

At the hearing on the Motion to Dismiss, in addition to making the arguments described above on the merits of that Motion, counsel for the Debtors indicated that he had lost contact with his clients and requested on their behalf that any dismissal be conditioned on the Debtors not having filed a notice of conversion of the case to Chapter 7 within 20 days. The Trustee did not oppose that relief.

---

[2] Such failure may be understandable as due to the Debtors' desire to avoid the effort and costs involved in proposing a new plan before a ruling on the Trustee's Motion to Dismiss. On the other hand, as discussed below, counsel for the Debtors indicated at the hearing that he had lost contact with his clients, so their failure to file a new plan is more likely due to that fact.

[3] The Debtors' Response to the Motion to Dismiss also includes a request for an award of their attorneys fees incurred in connection with responding to the Motion to Dismiss. Inasmuch as their counsel at the hearing indicated that that request was inadvertent and an error, the Court will deny it as no longer urged.

4

Section 521(3) states that a debtor must cooperate with the trustee to enable the trustee to perform his or her duties under Title 11. Section 521(4) in general requires a debtor to surrender all recorded information as it relates to any property of the estate. Further, Federal Rule of Bankruptcy Procedure 4002(4) requires a debtor to "cooperate with the trustee in the . . . administration of the estate." Based on these requirements, the Trustee posits in this case that the Debtors' failure to attend the pre-confirmation meeting with her or her representative and to provide requested information at that meeting constitutes grounds for dismissal under § 1307(c)(1), as causing unreasonable delay that is prejudicial to creditors.

The Court supports the Trustee's efforts to streamline the confirmation process and to provide an opportunity for debtors to resolve confirmation issues prior to their confirmation hearings. However, there is simply no provision in the Code or Rules for dismissal of a case merely because of a debtor's failure to attend a meeting with a trustee that was set by the trustee and never agreed to by the debtor. Neither the Local Rules of the Bankruptcy Court for the Western District of Texas, nor any of the Court's standing orders, provide that the failure of a debtor to personally attend a meeting with the Trustee is *per se* grounds for dismissal. Although the Trustee is clearly permitted, in the exercise of her duties, to ask a debtor to meet with her prior to confirmation to discuss issues affecting confirmation of the plan, unlike an appearance at a Rule 2004 examination or in response to a subpoena, the debtor's personal appearance at such a unilaterally-set meeting is in essence voluntary. While the failure to appear may be relevant and a factor to consider in determining whether a debtor has caused delay that is prejudicial to creditors, absent other, additional circumstances that show prejudicial delay or otherwise support dismissal under § 1307, the Court is unwilling to dismiss a case solely on the basis that the debtor did not attend, without having been excused by the Trustee, the pre-confirmation status conference set by the Trustee.

5

In this case, the Trustee did not allege any additional grounds for dismissal under § 1307, nor did she allege any facts that would show that there was a delay caused by the Debtors' failure to attend the conference, or that creditors were prejudiced as a result of any such delay. Accordingly, the facts alleged do not support dismissal.

However, the Debtors through their counsel have admitted that they are not in contact with him and so are unable to prosecute their Chapter 13 case. In essence, through their counsel they have indicated their lack of opposition to dismissal provided they are given the opportunity to convert their case to one under Chapter 7 instead. The Court will therefore so order.

Notwithstanding its ruling under the specific facts of this case, however, the extent of the Court's support of all of the Trustee's efforts to resolve matters prior to confirmation cannot be overemphasized. Even though the Court finds that the debtor personally meeting with the Trustee prior to confirmation is not a requirement for confirmation, the Court would observe that under Local Rule 3015(e), those debtors who do not avail themselves of a meeting with the Trustee when she does not recommend confirmation are expected to attend their confirmation hearings. Debtors are cautioned that, should one of the bases for objecting to confirmation of the plan be an absence of paperwork or failure to provide the Trustee with requested information, the Court may consider such conduct to be a failure to comply with a debtor's duties as required under § 521 and will take a dim view of resetting confirmation under such circumstances.

IT IS, THEREFORE, ORDERED, that the Trustee's Motion to Dismiss shall be, and hereby is, CONDITIONALLY GRANTED, as follows.

IT IS FURTHER ORDERED that this case shall be dismissed without further order of the Court on the twenty-first day following the entry of this Order, provided that by that date the Debtors shall not have filed a notice of conversion of the case to one under Chapter 7.

IT IS FURTHER ORDERED that the Debtors' request for attorneys fees is DENIED as no longer urged.

# # #